UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DWAYNE R. QUINEY, )<br>                          Plaintiff(s), )<br>v. )<br>SWIFT TRANSPORTATION INC., )<br>                          Defendant(s). ) | Case No. 2:18-cv-00339-JAD-NJK<br><br>REPORT and RECOMMENDATION |

The Court is permitted to dismiss cases brought without the payment of the filing fee that are frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). The Court is also permitted to dismiss any case at any time for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

This is Plaintiff's fourth case attempting to sue Swift Transportation and other defendants for defamation purportedly actionable under 28 U.S.C. § 4101. *See Quiney v. Dollar General Inc.*, Case No. 2:17-cv-2690-GMN-VCF, Docket No. 1-1 at 2 (D. Nev. Oct. 20, 2017) (*Quiney I*);[1] *Quiney v. Swift Transp., Inc.*, Case No. 2:17-cv-2691-GMN-VCF, Docket No. 5 (D. Nev. Nov. 22, 2017) (*Quiney II*); *Quiney v. Swift Transp., Inc.*, Case No. 2:17-cv–02692-KJD-CWH, Docket No. 1-1 (D. Nev. Oct. 20, 2017) (*Quiney III*). The Court has explained to Plaintiff on multiple occasions that "the statute merely provides a definition of defamation related to foreign judgments. 28 U.S.C. § 4101 does not apply in this case. Because defamation is a state law claim, the case does not pose

---

[1] Although *Quiney I* was also initially brought against Swift Transportation, it was omitted as a defendant in the amended complaint. *See Quiney I*, Docket No. 6.

a federal question." *Quiney I*, Docket No. 6 at 2 (internal quotations and citations omitted); *id*, Docket No. 8 (dismissing case); *see also Quiney II*, Docket No. 6 at 2.  The Court has also explained that a basis for exercising diversity jurisdiction is lacking.  *See Quiney I*, Docket No. 6 at 2; *Quiney II*, Docket No. 6 at 2.[2]

The claim at issue here appears to be nearly identical to that presented in *Quiney II*, as both are premised on the allegation that Swift Transportation violated 28 U.S.C. § 4101 by misrepresenting the positive results of a drug/alcohol test. *Compare* Docket No. 1-1 at 2 *with Quiney II*, Docket No. 5.  United States Magistrate Judge Cam Ferenbach has issued a report and recommendation for the dismissal of *Quiney II* for lack of subject matter jurisdiction. *Quiney II*, Docket No. 7; *see also Quiney II*, Docket No. 6 (order requiring second amended complaint in light of jurisdictional deficiency).  Rather than attempting to file a second amended complaint in *Quiney II* or objecting to Judge Ferenbach's report and recommendation, it appears Plaintiff instead simply initiated this case with the bald assertion that the Court "cannot say it does not have jurisdiction when 28 U.S.C. § 4101 gives the Court of Nevada jurisdiction." Docket No. 1-1.  To the extent Plaintiff disagrees with the rulings made against him in another case, his recourse is to seek relief in that case or through the appellate process.  Plaintiff cannot simply file a new, duplicative case hoping for a different result.[3]

---

[2] In the third case, Plaintiff also attempted to sue Swift Transportation under 28 U.S.C. § 4101. *Quiney III*, Docket No. 1-1.  In that case, the Court did not reach the jurisdictional issue.  Instead, Plaintiff's complaint was dismissed with leave to amend because his claims were not sufficiently discernable.  *Quiney III*, Docket No. 3.  Because Plaintiff never filed an amended complaint, that case was dismissed.  *Quiney III*, Docket Nos. 5-6.

[3] With respect to diversity jurisdiction, Plaintiff's civil cover sheet in this case purports to seek $1,000,000 in damages.  *See* Docket No. 1-2.  The Court normally defers to a statement of damages in the complaint, but it has an independent obligation to examine the basis for such a statement when doubt arises. *See, e.g.*, *Leal v. Ferrini*, 2014 WL 7409500, *2 (D. Nev. Dec. 31, 2014) (screening complaint under § 1915).  A representation of the amount in controversy must be supported by facts, and a conclusory assertion of the amount in controversy is insufficient. *See, e.g.*, *Morton v. CVS Corp.*, 2016 U.S. Dist. Lexis 137665, at *5-6 (D. Nev. Oct. 4, 2016) (citing *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090-91 (9th Cir. 2003) and *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000)).  Plaintiff's bald assertion that the amount in controversy is $1,000,000 is insufficient to establish diversity jurisdiction.  At any rate, to the extent Plaintiff believes there is diversity jurisdiction for his claim against Swift Transportation, the proper means to raise that issue is through a filing in the already-ongoing case involving the same claim (*i.e.*, in *Quiney II*).

1    In short, this Court has already ruled that the statute identified in the complaint does not
2 establish federal subject matter jurisdiction. *Quiney I*, Docket Nos. 6, 8. Judge Ferenbach has a
3 report and recommendation pending for dismissal based on the same underlying deficiency for the
4 same claim that Plaintiff attempts to bring here. *Quiney II*, Docket Nos. 6, 7. Plaintiff is not
5 permitted to refile the same claims in a new case in an effort to avoid the effects of that report and
6 recommendation.
7    Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** as frivolous.
8 **The Court further cautions Plaintiff that repeated filing of the same claims may be grounds**
9 **for a declaration that Plaintiff is a vexatious litigant.**

10   Dated: February 26, 2018

11                                                        _____
                                                          NANCY J. KOPPE
12                                                        United States Magistrate Judge

13

14

15                                              **NOTICE**

16    Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be
17 in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has
18 held that the courts of appeal may determine that an appeal has been waived due to the failure to file
19 objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also
20 held that (1) failure to file objections within the specified time and (2) failure to properly address and
21 brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
22 factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
23 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).